UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States</u>

    v.                           Civil No. 15-cr-123-JL
                                     Opinion No 2016 DNH 185P

<u>David Ackell</u>

**<u>MEMORANDUM ORDER</u>**

David Ackell stands indicted for cyberstalking.  <u>See</u> [18 U.S.C. § 2261A(2)(B)](18 U.S.C. § 2261A(2)(B)).  He moves to dismiss that indictment as insufficient for failure to recite facts identifying the allegedly criminal "course of conduct" in which he is accused of engaging.  He also challenges the cyberstalking statute as facially overbroad in violation of the First Amendment of the United States Constitution and unduly vague in violation of the First and Fifth Amendments.

The indictment is neither statutorily nor constitutionally deficient.  Nor is the statute itself facially overbroad.  And, Ackell lacks standing to challenge it as unconstitutionally vague on its face without challenging its application to him in the same manner.  Ackell's motion to dismiss the indictment is, therefore, denied.

I.   **Background**

     This case arises out of a series of interactions between

the defendant and the victim, R.R., beginning when R.R. was 16

years old and continuing for several years.  Ackell and R.R.

communicated through a variety of social media websites, as well

as by text messaging applications and by telephone.  Over time,

Ackell requested revealing photographs of R.R., which she sent,

and which he threatened to distribute if R.R. ceased

communicating with him or failed to send him additional

photographs upon his request.

     A grand jury charged Ackell with cyberstalking in violation

of 18 U.S.C. § 2261A(2), which provides:

> Whoever[,] with the intent to kill, injure, harass,
> intimidate, or place under surveillance with intent to
> kill, injure, harass, or intimidate another person,
> uses the mail, any interactive computer service or
> electronic communication service or electronic
> communication system of interstate commerce, or any
> other facility of interstate or foreign commerce to
> engage in a course of conduct that--
>
> (A) places that person in reasonable fear of the death
> of or serious bodily injury to a person described in
> clause (i), (ii), or (iii) of paragraph (1)(A); or
>
> (B) causes, attempts to cause, or would be reasonably
> expected to cause substantial emotional distress to a
> person described in clause (i), (ii), or (iii) of
> paragraph (1)(A),
>
> shall be punished as provided in section 2261(b) of
> this title.

18 U.S.C. § 2261A(2).  The First Circuit Court of Appeals, among

other courts, upheld the constitutionality of the prior version

of the statute against challenges similar to Ackell's.  See
United States v. Sayer, 748 F.3d 425, 434-36 (1st Cir. 2014);
United States v. Osinger, 753 F.3d 939, 943-45 (9th Cir. 2014);
United States v. Petrovic, 701 F.3d 849, 856 (8th Cir. 2012).
Congress amended the cyberstalking statute in 2013 in two ways
material to Ackell's constitutional challenges.  First, Congress
amended the culpable mental state required.  The prior version
of the statute required that the defendant act "with the intent
. . . to kill, injure, harass, or place under surveillance with
intent to kill, injure, harass, or intimidate, or cause
substantial emotional distress to a person . . . ."  18 U.S.C.
§ 2261A(2) (2006) (amended 2013).  As amended in 2013, a
defendant may now violate it if he acts with the intent to
"intimidate" another person.  At the same time, Congress removed
the intent to "cause substantial emotional distress" from that
paragraph.  Second, Congress changed the requirement that the
defendant "engage in a course of conduct that causes substantial
emotional distress" to the present requirement that the
defendant "engage in a course of conduct that . . . causes,
attempts to cause, or would be reasonably expected to cause
substantial emotional distress" to the victim.

## II.  Analysis

Ackell moves to dismiss the indictment against him on three grounds.  First, he contends that the indictment itself is constitutionally deficient for lack of specificity.  Should that challenge fail, he argues that the statute is unconstitutionally overbroad or vague.  The court first addresses Ackell's statutory argument.  Only upon concluding that the indictment suffices does the court reach the question of whether the statute is unconstitutional, and concludes that it is not.  See United States v. Vilches-Navarrete, 523 F.3d 1, 9 & n.6 (1st Cir. 2008) ("the doctrine of constitutional avoidance requires [the court] to refrain from ruling on the constitutionality of [a] statute" unless the posture of the case requires it).

### A.    Challenge to the indictment

Ackell first argues that the superseding[1] indictment is constitutionally deficient for failure to set forth what conduct on Ackell's part constituted the allegedly criminal "course of conduct."  The court concludes that it is not.

The Fifth Amendment provides in part that "[n]o person shall be held to answer for a capital, or otherwise infamous

---

[1] The government superseded its original indictment after Ackell moved to dismiss it.  Ackell contends that the government failed to remedy the insufficiencies of the original indictment, see Reply (doc. no. 37) at 1-4, which the court interprets as a renewal of his motion to dismiss the indictment.

crime, unless on a presentment or indictment of a Grand Jury."
U.S. Const., amend. V.  Under the Sixth Amendment, "the accused
shall enjoy the right . . . to be informed of the nature and
cause of the accusation." Id., amend. VI.  The indictment must
include a "plain, concise, and definite written statement of the
essential facts constituting the offense charged . . . ." Fed.
R. Crim. P. 7(c)(1).  "[A]n indictment is sufficient if it,
first, contains the elements of the offense charged and fairly
informs a defendant of the charge against which he must defend,
and, second, enables him to plead an acquittal or conviction in
bar of future prosecutions for the same offense." United States
v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (quoting Hamling v.
United States, 418 U.S. 87, 117 (1974)).

The grand jury charged Ackell with violating 18 U.S.C.
§ 2261A(2)(B), in that he:

> [f]rom on or about October 2012 to on or about
> February 2014, in the Districts of New Hampshire, and
> elsewhere . . . with the intent to injure, harass,
> intimidate, and to place under surveillance with the
> intent to injure, harass and intimidate another
> person, namely, R.R., used facilities of interstate
> and foreign commerce, including electronic cellular
> telephone networks, to engage in a course of conduct,
> to wit, the sending of text messages, digital images
> and other electronic communications to R.R. and
> another, that caused, attempted to cause, or would be
> reasonably expected to cause, substantial emotional
> distress to R.R.

This indictment "set[s] forth the words of the statute," which
"is generally sufficient if those words set forth all the

elements of the offense without any uncertainty or ambiguity."
United States v. Berk, 652 F.3d 132, 138 (1st Cir. 2011)
(quotations omitted).

None of the cases invoked by Ackell requires the opposite
result.  In Russell v. United States, the Supreme Court found
lacking an indictment that charged the defendant with refusing
to answer questions that "were pertinent to the question then
under inquiry" by a congressional subcommittee.  369 U.S. 749,
752 (1962).  Following Russell, the First Circuit Court of
Appeals likewise found insufficient an indictment accusing a
defendant of "making threats by an unstated means to an unnamed
person on a particular day in a city of moderate size."  United
States v. Tomasetta, 429 F.2d 978, 979-80 (1st Cir. 1970).  In
both cases, the indictment prejudiced the defendant's ability to
mount a defense because it lacked a crucial element of the
offense charged.  In Russell, the indictment left the defendant
in the dark as to the very "nature of the accusation against
him" because he "was not told at the time what subject the
subcommittee was investigating."  369 U.S. at 767-68.  In
Tomasetta, "the location, time, and object of the communication
[were] specified only in the most general terms or not at all."
429 F.2d at 980.

The indictment in this case is not so deficient.  It
informs Ackell of the timeframe of his allegedly culpable

conduct, where the conduct took place, whom he contacted during

that course of conduct, and the means of that contact -- "text

messages, digital images, and other electronic communications."[2]

This case thus more closely resembles United States v. Hallock,

941 F.2d 36 (1st Cir. 1991).  The indictment in Hallock informed

the defendant "that he was accused of a conspiracy in 1988, in

Maine, to distribute cocaine," and listed "the names of the four

principal coconspirators."  Id. at 40.  It thus "gave Hallock

significant information as to the conduct out of which the

indictment arose —- namely, his alleged agreement and

relationship with these four men aimed at distributing cocaine."

Id.  As the indictment in this case provides Ackell with similar

information, "the absence of a statement of the precise dates"

and content of his actions "does not necessarily render the

indictment impermissibly vague."  Id. at 41.

Though Ackell's indictment is not constitutionally

deficient, the court, exercising its discretion, ordered the

prosecution to file a bill of particulars "listing the text

messages, digital images, and other electronic communications

comprising the course of conduct referenced in the superseding

---

[2] Ackell suggests that, because his alleged "course of conduct
necessarily involves speech" and thus implicates the First
Amendment, the indictment must allege specific statements.
Reply (doc. no. 37) at 2.  Ackell offers no authority in support
of this proposition, however; nor is the court aware of any.

indictment."[3] Fed. R. Crim. P. 7(f); Hallock, 941 F.2d at 40. A bill of particulars is appropriate when an ambiguous indictment may render a defendant "disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." U.S. v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). Ackell correctly observes that "it has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars." United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) (citing Russell, 369 U.S. at 770). As already stated, however, the superseding indictment is not invalid. The court did not order the bill of particulars in an attempt to cure the indictment; rather, it was to assist Ackell in preparing his defense and to minimize the risk of double jeopardy by clarifying which of his communications with the victim during the relevant period are subject to the indictment.[4]

---

[3] Order of September 7, 2016 (doc. no. 40).

[4] Though the U.S. Attorney filed a purported bill of particulars, see document no. 41, it failed to comply with this court's September 7, 2016 order in that it did not list the communications comprising the indicted "course of conduct." The court accordingly granted Ackell's motion to compel compliance with that order. See Motion to Compel Compliance (doc. no. 42); Order of October 12, 2016.

**B.    Overbreadth challenge**

Declining to dismiss the indictment on sufficiency grounds, the court turns to Ackell's challenges to the constitutionality of the cyberstalking statute.  Ackell first argues that § 2261A(2)(B) violates the First Amendment of the United States Constitution because it is substantially overbroad.[5]

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const., amend. I.  "'[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 573 (2002) (quoting Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 65 (1983)).  "[T]he First Amendment has permitted restrictions upon the content of speech in a few limited areas," however, "including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct . . . ." United States v. Stevens, 559 U.S. 460, 468-69 (2010) (internal citations omitted).

---

[5] Ackell does not challenge the statute as applied to him, arguing that the deficiency of the indictment leaves him bereft of the information necessary to do so.  See Mot. to Dismiss (doc. no. 23-1) at 11 n.2.  The absence of such a challenge does not bar him from challenging the statute as facially overbroad. See Virginia v. Hicks, 539 U.S. 113, 118 (2003) ("The First Amendment doctrine of overbreadth is an exception to our normal rule regarding the standards for facial challenges.").

Ackell argues that the statute criminalizes constitutionally-protected speech that does not fall into those exceptions.

A "typical facial attack" to a statute's constitutionality requires the proponent to "establish that no set of circumstances exists under which [the statute] would be valid, or that the statute lacks any plainly legitimate sweep." Id. at 472 (internal quotations and citations omitted).  The Supreme Court recognizes "a second type of facial challenge" in the First Amendment context, however, "whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" Id. at 473 (quoting Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449, n. 6 (2008)).  Ackell fails to demonstrate such overbreadth "in an absolute sense or relative to its legitimate applications," by the statute's text or through hypothetical examples of protected speech encompassed by the statute.  Sayer, 748 F.3d at 436.  The court concludes, therefore, that the cyberstalking statute is not facially overbroad.

### 1.   Scope of § 2261A(2)(B)

In order to determine whether the cyberstalking statute offends the First Amendment, the court must first "construe the challenged statute; it is impossible to determine whether a

statute reaches too far without first knowing what the statute covers." United States v. Williams, 553 U.S. 285, 293 (2008). In doing so, the court begins by examining the language of the statute itself.  See United States v. Tobin, 480 F.3d 53, 56 (1st Cir. 2007).

Section 2261A(2)(B) has four elements.  It requires that the defendant, (1) having one of a defined set of intentions, (2) engage in a course of conduct, (3) using one of a variety of communication services or systems of interstate or foreign commerce, (4) which course of conduct "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress" to one of a defined set of individuals.  A "course of conduct" is statutorily defined as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose."  18 U.S.C. § 2266(2).  Ackell takes no issue with the "course of conduct" or the "communication services or systems" elements here, focusing on the intent and harm elements.

The language of the intent requirement is clear.  The statute requires that the defendant act with "the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person."  18 U.S.C. § 2261A(2).  Unless context dictates otherwise -- and here it does not -- use of the a disjunctive "or" indicates that the defendant need only act with one of

these intentions.  See Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979).  Courts interpreting this statute have noted that the meanings of the terms "harass" and "intimidate" can "be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." United States v. Bowker, 372 F.3d 365, 381 (6th Cir. 2004), cert. granted, judgment vacated on other grounds, 543 U.S. 1182 (2005).  The Court of Appeals for the First Circuit had interpreted a related statute requiring "intent to harass" as requiring "an intent to provoke adverse reactions" in the harassed party.  Tobin, 480 F.3d at 58.

The element defining the prohibited course of conduct -- the defendant's actions -- presents two facets:  the harm done, and the person harmed.  Under the 2006 version of the statute, the defendant's course of conduct must have "cause[d] substantial emotional distress" to the person he intended to harm.  Such a course of action, undertaken with the requisite intent, still amounts to a violation under the current version of the statute.  The current version expands on both the harm and the category of harmed persons, however.  Under the amended statute, the prosecution need not prove that the defendant's activity actually harmed the person in question, so long as it "attempted" or "would reasonably be expected" to cause

substantial emotional distress.[6]  As to the object of the harm, the defendant's activity need not harm or be expected to harm the targeted individual; it also violates the statute if it "causes, attempts to cause, or would reasonably be expected to cause" that harm to the target's immediate family members, spouse, or intimate partners.

### 2.  Prohibited activity

In the second step of an overbreadth analysis, the court must determine whether the statute, as construed, "criminalizes a substantial amount of protected expressive activity," Williams, 553 U.S. at 297.  A statute may fall to the sort of facial overbreadth attack Ackell mounts if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." Stevens, 559 U.S. at 473.  Ackell "bears the burden of showing 'from the text of [the law] and from actual fact' that substantial overbreadth exists." Sayer, 748 F.3d at 435 (alteration in original) (quoting Hicks, 539 U.S. at 122).

---

[6] The court observes that a "course of action" is a noun, but not a person; it therefore lends itself to "causing" or "expecting to cause," but not to "attempting to cause."  It seems to the court that the "attempt to cause" element merges to some degree with the intent requirement.  As the defendant does not focus his argument on the "attempts to cause" element, contending rather that the "would reasonably be expected to cause" language is constitutionally problematic, the court need not resolve that linguistic inconsistency.

Several appellate courts upheld the constitutionality of the 2006 version of the statute.[7]  In doing so, as Ackell correctly points out, they invoke three aspects of that version of the statute.  First, the statute "proscribe[d] harassing and intimidating conduct," as a result of which, "the proscribed acts are tethered to the underlying criminal conduct and not to speech."  Osinger, 753 F.3d at 944; see also Petrovic, 701 F.3d at 856 ("Section 2261A(2)(A) is directed toward 'course[s] of conduct,' not speech, and the conduct it proscribes is not 'necessarily associated with speech.'" (quoting Hicks, 539 U.S. at 124)).  Second, the statute required the defendant to act with the proscribed malicious intent.  See Sayer, 748 F.3d at 435 (in prohibiting "a course of conduct done with" the requisite intent, the statute "clearly targets conduct performed with serious criminal intent, not just speech that happens to cause annoyance or insult."); Petrovic, 701 F.3d at 856 ("the statute requires both malicious intent on the part of the defendant and substantial harm to the victim"); Osinger, 753 F.3d at 944 (concurring with Petrovic).  Finally, the statute required the government to prove that the defendant's conduct

---

[7] Invoking Sayer, the Northern District of Oklahoma recently upheld the current version of the statute against a facial overbreadth challenge similar to Ackell's.  United States v. Moreland, No. 16-CR-69, 2016 WL 4919956, at *2-4 (N.D. Okla., Sept. 14, 2016) (Dowdell, J.).

caused harm to the victim.  See Petrovic, 701 F.3d at 856; Osinger, 753 F.3d at 944.

The first two facets of the statute remain in place after the 2013 amendment -- that is, the statute continues to prohibit a defined "course of conduct" enacted with the requisite malicious intent.  Ackell targets the third facet.[8]  After the 2013 amendment, a person may violate the statute by causing substantial emotional distress to his or her intended victim, or by engaging in conduct that "attempts to cause, or would be reasonably expected to cause substantial emotional distress," 18 U.S.C. § 2261A(2)(B), even if that conduct does not actually cause such harm.  Decoupling conduct from the harm it causes, Ackell argues, sweeps obviously constitutional speech into the statute's orbit.[9]

The court is not convinced that the 2013 amendment expanded the scope of § 2261A(2) to an extent that renders the statute unconstitutionally overbroad.  It continues to target a "course of conduct" and the element that our Court of Appeals seized on -- the underlying intent "to kill, injure, harass, intimidate,

---

[8] Though the current version of the statute includes the intent to "intimidate" among those intentions, Ackell does not develop an argument that this change, alone, would render the statute constitutionally overbroad.

[9] See Mot. to Dismiss (doc. no. 23-1) at 16-17.

or place under surveillance with intent to kill, injure, harass, or intimidate another person." 18 U.S.C. § 2261A(2)(B). By requiring proof of that intent, the statute "clearly targets conduct performed with serious criminal intent, not just speech that happens to cause annoyance or insult." Sayer, 748 F.3d at 435. Nor does the harm element necessarily expand the range of culpable speech as broadly as Ackell suggests. The statute still requires that the conduct have harmed the victim or his or her loved ones, or must be "reasonably be expected to" do the same.[10] This objective standard, coupled with the intent requirement, renders the statute unlikely to encompass significantly more constitutionally protected speech than its 2006 counterpart.

Ackell raises several examples of the statute's potential for overbreadth. Only one of these -- that described in United States v. Cassidy, 814 F. Supp. 2d 574 (D. Md. 2011) -- is grounded in fact. There, a defendant engaged in online activity critical of -- and at times threatening to -- the public leader of a religious sect. Id. at 578-80. The court found § 2261A unconstitutional as applied to Cassidy, whose indicted speech, "although in bad taste," amounted to "anonymous, uncomfortable

---

[10] As discussed supra Part III.B.1, the court remains skeptical as to whether a course of conduct can "attempt to" cause emotional distress.

Internet speech addressing religious matters" in that it
challenged the "character and qualifications" of a "well-known
religious figure" as a "religious leader." Id. at 583.  Where
the indictment was not "limited to categories of speech that
fall outside of First Amendment protection," the court
concluded, application of the statute amounted to a content-
based restriction on protected speech. Id. at 583.  It then
failed to survive strict scrutiny "[b]ecause the Government's
interest in criminalizing speech that inflicts emotional
distress is not a compelling one." Id. at 585.  The court
declined, however, to address Cassidy's facial overbreadth
challenge, in light of finding § 2261A unconstitutional as
applied to him.  Id. at 587.  Ackell, as noted supra, has not
raised an as-applied challenge here, and invocation of a single
unconstitutional application does not suffice to facially
invalidate the statute.

Ackell then invoked a series of examples of hypothetically
unconstitutional applications of § 2261A(2).  These examples,
drawn from a variety of commentaries on the statute,[11] focus in

---

[11] Many of these critiques of the current version of the statute
begin with the proposition that the 2006 version was
unconstitutionally overbroad because it criminalized speech made
with the intent to harass or cause emotional distress to
another.  See, e.g., Hanni Fakhoury, With VAWA, A Major Step
Froward in Combating Violence, But Constitutional Concerns
Remain, Electronic Frontier Foundation (Mar. 14, 2013),
https://www.eff.org/deeplinks/2013/03/vawa-well-intentioned-

on the potential for abuse in the particular situation wherein a person speaks with the intent to harass or intimidate another, and whose speech would be reasonably expected to cause substantial emotional distress, but which -- because the victim did not see it -- does not actually cause such harm.  These commentators suggest that such speech include communications in an online platform designed to reach a large audience, such as "online criticism of politicians and other high profile people," "Tweets critical of a large corporation accused of wrongdoing," or "Facebook messages and posts or blog posts recounting in graphic detail the infidelity, physical, and verbal abuse of an ex-lover who the speaker actively wants to harass, upset, and cause substantial emotional distress for the way he or she had treated the speaker."[12]  Alternatively, Ackell suggests, the statute could criminalize speech in circumstances in which one speaker aims to intimidate another into a course of action, such

---

still-unconstitutional; Gabe Rottman, <u>New Expansion of Stalking Law Poses First Amendment Concerns</u>, American Civil Liberties Union (Mar. 12, 2013), https://www.aclu.org/blog/new-expansion-stalking-law-poses-first-amendment-concerns.  Binding First Circuit authority rejected that proposition.  <u>Sayer, 748 F.3d at 434-36</u>.

[12] Mot. to Dismiss (doc. no. 23-1) at 19-21 (internal quotations omitted).

as "vigorous business negotiations" or "emails between and among politicians vigorously debating controversial policies."[13]

The court is skeptical that the statements these commentators fear most -- those that remain entirely outside of the victim's consciousness -- would fall even under the broader umbrella of statements that would "reasonably be expected" to cause emotional distress to the requisite parties.  Even if they did, however, Ackell's smattering of hypotheticals does not satisfy the standard for invalidating a statute as facially overbroad.  "The 'mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge.'" Williams, 553 U.S. at 303 (quoting Members of City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984)).  As a result, "hypotheticals that purport to exemplify the statute's overbreadth," such as these, are insufficient to demonstrate that § 2261A(2) "is substantially overbroad, either in an absolute sense or relative to its legitimate applications, so as to warrant the 'strong medicine' of invalidating the entire provision." Sayer, 748 F.3d at 435-46.

---

[13] Id. at 19-20 (internal quotations omitted).

### C.   Vagueness challenge

Having disposed of Ackell's overbreadth challenge, the court turns to his contention that the statute is unconstitutionally vague.  See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982) (a court should examine facial overbreadth challenge before vagueness challenge).  As noted supra Part III.B, Ackell's facial overbreadth challenge can proceed despite the absence of an as-applied challenge because of its relation to the First Amendment.  The law recognizes no such exception for a vagueness challenge.  Holder v. Humanitarian Law Project, 561 U.S. 1, 19 (2010) ("[T]he rule that 'a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others' . . . makes no exception for conduct in the form of speech.").  A defendant "lacks standing to assert that [the statute] is impermissibly vague as applied to hypothetical facts not before" the court.  Sayer, 748 F.3d at 436 n.10.  Ackell does not challenge the statute as unconstitutionally vague as applied to him[14] -- to the contrary, at oral argument, he conceded that he

---

[14] As with his overbreadth challenge, Ackell argues that the indictment's lack of specificity prevents him from challenging the statute as applied to him.  See Reply (doc. no. 37) at 14-15.  While the court is sympathetic to the difficulty Ackell faces in challenging the statute's application in light of the relatively general indictment, and has ordered a bill of

has not raised an as-applied challenge -- and, accordingly, lacks standing to assert that the statute is vague as applied to the hypothetical situations he raises.

### III. **Conclusion**

For the reasons discussed above, the court DENIES the defendant's motion to dismiss the indictment.[15]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  October 28, 2016

cc:  Helen W. Fitzgibbon, AUSDA
     William E. Christie, Esq.

---

particulars as discussed <u>supra</u> Part III.A, <u>Sayer</u> obligates the court not to address a vagueness argument based on hypothetical facts alone.

[15] Document no. 23.